UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2011 DEC 20 P 4: 26

JON A. SANFILIPPO
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>     v.<br><br>JOHN J. KELLOGG,<br>MARK A. BARLAMENT,<br>MICHAEL A. RENKEN, and<br>CHRISTOPHER J. HALFMANN,<br><br>                   Defendants. | Case No. 11-CR-241<br><br>[16 U.S.C. §§ 3372(a)(2)(A),<br>3373(d)(1)(B), and 1001]<br><br>**Green Bay Division** |

## SUPERSEDING INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES:**

1. Between on or about September 11, 2009, and March 21, 2010, in the State and Eastern District of Wisconsin and elsewhere,

**JOHN J. KELLOGG,
CHRISTOPHER J. HALFMANN, and
MARK A. BARLAMENT**

sold and transported in interstate commerce wildlife with a market value in excess of $350.00 that they knew had been taken and possessed in violation of Wisconsin Statute § 29.024 by knowingly engaging in conduct that involved the sale, offer to sell, and intent to sell wildlife.

2. Specifically, in exchange for money and other consideration, Kellogg and Halfmann offered and provided guiding, outfitting, and other services, and Barlament transferred and

permitted for use his bear hunting approval, all for the illegal taking, acquiring, receiving, transporting, and possessing of the wildlife.

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B), and 2.

## COUNT TWO

### THE GRAND JURY FURTHER CHARGES:

1. Between July 16, 2011, and on or about September 9, 2011, in the State and Eastern District of Wisconsin and elsewhere,

**JOHN J. KELLOGG**
**CHRISTOPHER J. HALFMANN, and**
**MICHAEL A. RENKEN**

attempted to sell and transport in interstate commerce wildlife with a market value in excess of $350.00 that they knew had been taken and possessed in violation of Wisconsin Statute §§ 29.024 and 29.184 by knowingly engaging in conduct that involved the sale, offer to sell, and intent to sell wildlife.

2. Specifically, in exchange for money and other consideration, Kellogg and Halfmann offered and provided guiding, outfitting, and other services, and Renken transferred and permitted for use his bear hunting approval, all for the illegal taking, acquiring, receiving, transporting, and possessing of the wildlife.

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B), and 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about October 5, 2011, in the State and Eastern District of Wisconsin, in a matter within the jurisdiction of the United States Department of Interior-Fish and Wildlife Service (FWS), an executive branch of the Government of the United States,

### JOHN J. KELLOGG

knowingly and willfully made a materially false, fictitious, and fraudulent statement.

2. Specifically, as part of a federal criminal investigation into the unlawful tracking and killing of a black bear in September 2011, Kellogg was interviewed by a FWS special agent. Some of the issues material to that investigation included who was present and who had offered guide services for the tracking and killing of the black bear.

3. During the interview, Kellogg falsely denied guiding others, tracking, and then shooting the black bear, when in fact, and as Kellogg knew, he had guided others and then shot the bear.

All in violation of Title 18, United States Code, Section 1001(a)(2).

4

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about October 5, 2011, in the State and Eastern District of Wisconsin and elsewhere, in a matter within the jurisdiction of the United States Department of Interior-Fish and Wildlife Service (FWS), an executive branch of the Government of the United States,

**MARK A. BARLAMENT**

knowingly and willfully made a materially false, fictitious, and fraudulent statement.

2. Specifically, as part of a federal criminal investigation into the unlawful tracking and killing of a black bear in September 2009, Barlament was interviewed by a FWS special agent. Some of the issues material to that investigation included who shot and killed a black bear and who later tagged the bear using Barlament's bear hunting approval.

3. During the interview, Barlament stated that he tagged the bear with his bear hunting approval, when in fact, and as Barlament knew, Kellogg tagged the bear.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about October 5, 2011, in the State and Eastern District of Wisconsin and elsewhere, in a matter within the jurisdiction of the United States Department of Interior-Fish and Wildlife Service (FWS), an executive branch of the Government of the United States,

**MICHAEL A. RENKEN**

knowingly and willfully made a materially false, fictitious, and fraudulent statement.

2. Specifically, as part of a federal criminal investigation into the unlawful tracking and killing of a black bear on September 9, 2011, Renken was interviewed by a FWS special agent. Some of the issues material to that investigation included who participated in the hunt, who shot the bear, and whether Renken allowed another to use his bear hunting approval.

3. During the interview, Renken falsely stated that Kellogg was present but did not hunt with the group. Renken also falsely stated that he shot the bear and declined to accept money from other hunters in his group. In truth, and as Renken knew, Kellogg guided others that day and then shot and killed the bear. Further, Renken knowingly accepted money from another hunter in the group for the use of his bear hunting approval.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about October 5, 2011, in the State and Eastern District of Wisconsin, in a matter within the jurisdiction of the United States Department of Interior-Fish and Wildlife Service (FWS), an executive branch of the Government of the United States,

**CHRISTOPHER J. HALFMANN**

knowingly and willfully made a materially false, fictitious, and fraudulent statement.

2. Specifically, as part of a federal criminal investigation into the unlawful tracking and killing of a black bear on September 9, 2011, Halfmann was interviewed by a FWS special agent. Some of the issues material to that investigation included who was present, who provided guide services, and who shot and killed the black bear.

3. During the interview, Halfmann falsely stated that Kellogg was neither guiding others on the hunt nor was Kellogg in Halfmann's hunting party that day. Halfmann also falsely stated that Mike Renken shot and killed the bear. In fact, and as Halfmann knew, Kellogg was unlawfully guiding others on the black bear hunt, and illegally shot and killed the bear that day.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE NOTICE

1. Upon conviction of one or more of the violations of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d), as set forth in Counts One and Two of this Indictment, the defendant, JOHN J. KELLOGG, shall forfeit to the United States, pursuant to Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461:

   a. Any wildlife transported, received, or acquired contrary to Title 16, United States Code, Section 3372(a)(2)(A); and

   b. Any vehicles and other equipment used to aid in the transporting, selling, receiving, acquiring, or purchasing of wildlife contrary to Title 16, United States Code, Section 3373(d), provided that the owner of such vehicle or equipment was a consenting party to the violation and the violation involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, wildlife.

2. The property to be forfeited includes, but is not limited to:

   a. One 2005 Chevrolet truck, model number K15903 and VIN number 1GCEK14T35Z262964;

   b. Five Hound Dogs seized from the Kellogg residence located at 63XX County Road V, Gillett, Wisconsin, on October 5, 2011;

   c. Wildlife meat seized from the Kellogg residence in Gillett, Wisconsin, on October 5, 2011;

8

    d.    Dog tracking and hunting equipment including leashes, dog collars, Garmin GPS units, tracker receivers and bag, mobile radios and antennas; and

    e.    Firearms and ammunition used for the unlawful acquiring of wildlife including:

        1.    One Marlin 25 MN. 22 magnum caliber rifle, serial number 07625595;

        2.    One Marlin 1895M .450 caliber rifle, serial number 00081576;

        3.    Two Remington Model 597 .22 caliber rifles, serial numbers 2954930M and A2912239M;

        4.    One Taurus .22 magnum caliber rifle, serial number VG5426;

        5.    One 12 Gauge Remington 870 Shotgun Express, serial number C708907A;

        6.    One Marlin .22 caliber rifle, serial number 09386051; and

        7.    Various rounds of .22 caliber and .308 caliber ammunition.

3.    If any of the property described above, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture

9

of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

███████████████
FOREPERSON

Dated: 12/20/2011

*Kelly B Mattykr*
JAMES L. SANTELLE
United States Attorney